ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| COUNCIL OF OWNERS OF PORTALES DE CAROLINA CONDOMINIUM<br><br>Recurrido<br><br>v.<br><br><br>MULTINATIONAL INSURANCE COMPANY<br><br>Peticionario | TA2026CE00205 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Sobre: Incumplimiento de Contrato (Seguros Huracán Irma y María)<br><br>Caso número: CA2020CV00047 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de marzo de 2026.

El 19 de febrero de 2026, comparece ante nos Multinational Insurance Company ("Multinational"), para solicitar la revisión de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina ("TPI").[1] Allí, declaró con lugar parcialmente el *Memorando de Costas* presentado por el Consejo de Titulares del Condominio Portales de Carolina ("Consejo de Titulares").

Considerados los escritos de las partes, así como el expediente electrónico en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), y a la luz del derecho aplicable, se **desestima** el presente *certiorari* por falta de jurisdicción.

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales del caso.

---

[1] Emitida el 16 de enero de 2026 y notificada el 20 de enero de 2026. Véase, Entrada Núm. 152 del caso CA2020CV00047 en SUMAC.

El **10 de enero de 2020**, el Consejo de Titulares instó una acción contra Multinational.[2] Entre otras cosas, solicitó el cumplimiento del contrato de seguros, y que Multinational compensara los daños provocados por el huracán María al Condominio Portales de Carolina.

Mediante *Sentencia* emitida el **29 de diciembre de 2025**,[3] el TPI ordenó a Multinational a satisfacer la suma total $1,745,704.80 a favor del Consejo de Titulares, en un término de 30 días.[4] Añadió que:

> Esta suma devengará intereses post-sentencia al 8.50%, a computarse desde la fecha de la notificación de la Sentencia y hasta que sea satisfecha. Además, se condena a la parte demandada al pago de costas a tenor de la Regla 44 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 44. [sic].[5]

Radicado el **8 de enero de 2026**,[6] el Consejo de Titulares presentó un *MEMORANDO DE COSTAS*.[7] Atendido, el TPI aprobó la solicitud en parte e impuso únicamente las costas respecto a los gastos ordinarios, necesarios y razonables, pero excluyó aquellas partidas periciales o extraordinarias. [8]

Inconforme, el Consejo de Titulares sometió el **29 de enero de 2026**, una *MOCIÓN DE RECONSIDERACIÓN PARCIAL*, a los fines de que el TPI concediera los gastos periciales incurridos.[9]

Mediante *Orden* emitida el **1 de febrero de 2026**, y notificada el **2 de febrero de 2026**, el TPI le concedió un término de 20 días a la contraparte para exponer su posición.[10]

Sin embargo, el **19 de febrero de 2026**, Multinational recurrió ante este Foro Apelativo mediante el presente recurso de

---

[2] Entrada Núm. 1 del caso CA2020CV00047 en SUMAC.

[3] Notificada el mismo día.

[4] Entrada Núm. 150 del caso CA2020CV00047 en SUMAC.

[5] *Íd.*

[6] Pese a que el *Memorando de Costas* tiene fecha del 8 de diciembre de 2026, sin embargo, entendemos que ello se debió a un error, ya que fue radicado en una fecha anterior.

[7] Entrada Núm. 151 del caso CA2020CV00047 en SUMAC.

[8] Véase; *Resolución* emitida el 16 de enero de 2026 y notificada el 20 de enero de 2026. Entrada Núm. 152 del caso CA2020CV00047 en SUMAC.

[9] Entrada Núm. 154 del caso CA2020CV00047 en SUMAC.

[10] Entrada Núm. 155 del caso CA2020CV00047 en SUMAC.

*certiorari TA2026CE00205.*[11] Nos señaló la comisión de cuatro (4) errores:

> PRIMER ERROR: ERRÓ EL TPI AL EMITIR Y NOTIFICAR LA RESOLUCIÓN SOBRE COSTAS ANTES DE QUE TRANSCURRIERA EL TÉRMINO DISPONIBLE A MULTINATIONAL PARA OPONERSE AL MEMORANDO DE COSTAS PRESENTADO POR LA PARTE RECURRIDA.

> SEGUNDO ERROR: ERRÓ EL TPI AL IMPONERLE A MULTINATIONAL EL PAGO DE COSTAS CUANDO MULTINATIONAL NO RESULTÓ SER PARTE PERDIDOSA EN EL CASO.

> TERCER ERROR: ERRÓ EL TPI AL CONCEDERLE A LA PARTE RECURRIDA COSTAS POR CONCEPTO DE LOS HONORARIOS DEL COMISIONADO ESPECIAL CUANDO MEDIANTE ORDEN PREVIA, FINAL Y FIRME DEL PROPIO TPI, Y EMITIDA COMO RESULTADO DE UNA MOCIÓN CONJUNTA DE LAS PARTES, SE DISPUSO QUE LOS HONORARIOS DEL COMISIONADO ESPECIAL SERÍAN SUFRAGADOS EN PARTES IGUALES POR LAS PARTES.

> CUARTO ERROR: ERRÓ EL TPI AL CONCEDERLE A LA PARTE RECURRIDA COSTAS POR CONCEPTO DE LA TOMA DE DEPOSICIONES Y TRANSCRIPCIONES Y GASTO POR MENSAJERO PARA TRIBUNALES, PUES, LA PARTE RECURRIDA NO DEMOSTRÓ QUE LOS GASTOS DE DEPOSICIONES Y TRANSCRIPCIONES SON GASTOS NECESARIOS PARA PROBAR SU CASO, NI EL TPI TUVO ANTE SÍ LAS TRANSCRIPCIONES DE LAS DEPOSICIONES PARA PODER EVALUAR SI DICHOS GASTOS CONSTITUYERON UNOS NECESARIOS, Y LOS GASTOS DE MENSAJERO SON GASTOS DE OFICINA NO RECOBRABLES COMO COSTAS.

Varios trámites después, el **24 de febrero de 2026**, el Consejo de Titulares sometió una *MOCIÓN DE DESESTIMACIÓN DE PETICIÓN DE CERTIORARI DE MULTINATIONAL.*[12]

**-II-**

**-A-**

El Tribunal Supremo de Puerto Rico ha señalado en reiteradas ocasiones que las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente.[13] En el caso particular del recurso del recurso de *certiorari,* la Regla 52.2 (b) de Procedimiento Civil establece que:

> [l]os recursos de *certiorari* al Tribunal de Apelaciones para revisar **resoluciones u órdenes** del Tribunal de Primera Instancia [...] deberán ser presentados dentro del **término de treinta (30) días** contados **desde la fecha de**

---

[11] Entrada Núm. 1 del caso TA2026CE00205 en SUMACTA.
[12] Entrada Núm. 5 del caso TA2026CE00205 en SUMACTA.
[13] *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007); *Arriaga v. FSE,* 145 DPR 122, 129 – 130 (1998).

**notificación de la resolución u orden recurrida**. El término aquí dispuesto es de **cumplimiento estricto**, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.[14]

No obstante, el término de treinta (30) días —antes dicho— admite interrupción. A esos efectos, el inciso (g) de la Regla en discusión dispone que:

> [e]l transcurso del término para presentar ante el Tribunal de Apelaciones una solicitud de *certiorari* se **interrumpirá** y comenzará a contarse de nuevo en conformidad con lo dispuesto en la Regla 47 de [Procedimiento Civil].[15]

Por ello, la Regla 47 de Procedimiento Civil,[16] sirve el propósito de permitir a los tribunales que modifiquen o corrijan aquellos errores en los que hubiesen incurrido al dictar órdenes, resoluciones y sentencias.[17] En lo pertinente a las órdenes o resoluciones interlocutorias, la referida Regla 47 dispone lo siguiente:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.
>
> [...]
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir. **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes**. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.[18]

Nótese, que la mera presentación oportuna de una solicitud de reconsideración —que cumpla con **todos** los requisitos

---

[14] Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b). Véase, además, Regla 32 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 49 – 51, 216 DPR ____ (2025).

[15] Regla 52.2 (g) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(g).

[16] Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.

[17] *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 166 (2016).

[18] 32 LPRA Ap. V, R. 47. Énfasis nuestro.

dispuestos en la Regla antes esbozada—, tiene el efecto de **paralizar automáticamente** los términos concedidos por ley para recurrir en alzada, hasta tanto el TPI resuelva la solicitud.[19]

Ahora, una vez el TPI dispone finalmente de la moción de reconsideración, entonces comienza a correr el plazo de treinta (30) días —de cumplimiento estricto— que la Regla 52.2 (b) de Procedimiento Civil, *supra*, otorga para poder recurrir ante este Foro Apelativo.[20] Dicho de otro modo, la adjudicación de una moción de reconsideración incide sobre el debido proceso de ley de las partes, ya que el término para solicitar la revisión comenzará a transcurrir **nuevamente** a partir de la fecha de archivo en autos copia de la notificación de la determinación resolviendo la solicitud de reconsideración.[21]

**-B-**

Por su parte, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso si carecemos de jurisdicción para acogerlo por cualquiera de las instancias que a continuación reseñamos:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
>> [...]
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. [...]. [22]

Es norma reiterada en nuestro ordenamiento, que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no*

---

[19] *Rivera Marcucci v. Suiza Dairy*, *supra*, pág. 167; *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7-8 (2014).

[20] *Mun. Rincón v. Velázquez Muñiz*, 192 DPR 989, 1005 (2015).

[21] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 254 (2016); 32 LPRA Ap. V, R. 47.

[22] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116 – 118, 216 DPR ___ (2025).

*tienen discreción para asumir jurisdicción allí donde no la tienen*".[23] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[24] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[25]

Es sabido es que un recurso tardío, al igual que uno prematuro, "*adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*", por lo que **debe** ser desestimado.[26] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[27]

**-III-**

Basados en los hechos y la normativa antes expuesta, concluimos que carecemos de jurisdicción para atender el presente recurso ante su presentación prematura. Explicamos.

Del expediente electrónico en SUMAC surge que el Consejo de Titulares presentó un *MEMORANDO DE COSTAS* el **8 de enero de 2026**, el cual le fue concedido parcialmente por el TPI.[28] Sin embargo, el **29 de enero de 2026**, dicha parte le solicitó que reconsiderara parcialmente su determinación.

Ante ello, el **1 de febrero de 2026** y notificada el **2 de febrero de 2026**, el TPI le concedió un término de 20 días a la contraparte para exponer su posición.[29] Sin embargo, el **19 de febrero de 2026**, Multinational acudió ante nos mediante el presente recurso de

---

[23] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[24] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[25] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[26] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *SLG Szendrey-Ramos v. F. Castillo, supra*, pág. 883.
[27] *Íd.*
[28] Véase; *Resolución* emitida el 16 de enero de 2026. Entrada Núm. 152 del caso CA2020CV00047 en SUMAC.
[29] Entrada Núm. 155 del caso CA2020CV00047 en SUMAC.

*certiorari TA2026CE00205,*[30] sin que se resolviera la petición de reconsideración.

Ante tal escenario, el recurso de *certiorari* de epígrafe fue presentado de manera prematura, ya que, la presentación de la moción de reconsideración **tuvo** el efecto de interrumpir el término para recurrir ante este Tribunal de Apelaciones. Por lo cual, carecemos de jurisdicción para atender el presente recurso en sus méritos ante su presentación prematura. En consecuencia, procede su desestimación.

### -IV-

Por los fundamentos antes expuestos, se **desestima** el presente recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[30] Entrada Núm. 1 del caso TA2026CE00205 en SUMACTA.